JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, James Barnwell ("Barnwell"), appeals his sentence and sexual predator classification. Finding some merit to the appeal, we vacate his sentence and remand for resentencing consistent with this opinion.
 {¶ 2} Barnwell was charged with importuning and possession of criminal tools. The charges stemmed from Barnwell's e-mail solicitation of an undercover FBI agent, whom he believed to be a 14-year-old male, with the screen name "sk8terbren13." In a written statement given to the Federal Bureau of Investigation ("FBI"), Barnwell admitted that he met "sk8terbren13" in a chat room on the Internet in the summer of 2003. He further stated that he arranged to meet with "sk8terbren13" on September 10, 2003, with the intent of engaging in sexual activity. He planned on their "touching" each other in his car, followed by showering together. Barnwell also instructed "sk8terbren13" what clothing to wear.
 {¶ 3} In March 2004, Barnwell pled guilty to importuning and possession of criminal tools, both fifth degree felonies. At his sentencing and classification hearing, the trial court imposed the maximum sentence of one year in prison on each count, ordering the terms to run consecutively, and classified Barnwell as a sexual predator.
 {¶ 4} Barnwell filed the instant delayed appeal, raising four assignments of error.
 Nonminimum Sentence {¶ 5} In his first assignment of error, Barnwell contends that the trial court erred in imposing more than a minimum sentence when he had never previously served a prison term. He contends that the trial court failed to make the required findings under R.C. 2929.14(B) to depart from a minimum sentence. In the alternative, he argues that, in light of the United States Supreme Court's recent decision in Blakely v. Washington
(2004), ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403, the trial court was prohibited from imposing more than the minimum sentence without his express stipulation to the findings or his consent to the judicial fact finding. We disagree.
 {¶ 6} R.C. 2929.14(B)(2) requires that the trial court impose the minimum sentence on an offender who has not previously served a prison term, unless the court finds one of the following on the record: (1) "that the shortest prison term will demean the seriousness of the offender's conduct" or (2) "will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2).
 {¶ 7} The Ohio Supreme Court has held that, "pursuant to R.C.2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463,469, 2003-Ohio-4165. However, the trial court is not required to give specific reasons for its finding pursuant to R.C. 2929.14(B)(2). Id., citing State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 8} Contrary to Barnwell's assertion, the record reveals that the trial court expressly found that "the minimum sentence would demean the seriousness of the offense and would not adequately protect the public." Thus, we find no merit to his contention that the trial court failed to make the required finding for imposing a nonminimum sentence.
 {¶ 9} Further, in accordance with this court's recent decision inState v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, we find that R.C. 2929.14(B) is constitutional and does not implicate the Sixth Amendment as construed in Blakely. As we noted in Atkins-Boozer, the subjective determination of whether a minimum sentence would demean the seriousness of the offense is not a matter to be determined by a jury. Likewise, neither the Sixth Amendment nor Blakely requires the sentencing court to ensure that the defendant stipulates to the finding or consents to the trial court's compliance with R.C. 2929.14(B). Rather, the finding is a matter reserved for the sound discretion of the trial court and necessary for its determination of the appropriate sentence within the statutory range. Accordingly, we reject Barnwell's claim that the trial court was prohibited from making the required findings for imposing a nonminimum sentence on a first offender absent his express consent or stipulation to the finding.
 {¶ 10} The first assignment of error is overruled.
 Consecutive Sentences {¶ 11} In his second assignment of error, Barnwell argues that the trial court erred in imposing consecutive sentences without making the required statutory findings. We agree.
 {¶ 12} This court reviews a felony sentence de novo. R.C. 2953.08. A sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(2);State v. Hollander (2001), 144 Ohio App.3d 565; State v. Rigo (June 21, 2001), Cuyahoga App. No. 78761. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 13} Pursuant to R.C. 2929.14(E)(4), the court may impose consecutive sentences for convictions of multiple offenses only after it makes three determinations: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offenderwas awaiting trial or sentencing, was under a sanction imposed pursuantto section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was underpost-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusualthat no single prison term for any of the offenses committed as part of asingle course of conduct adequately reflects the seriousness of theoffender's conduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender."
R.C. 2929.14(E)(4). See, also, State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165.
 {¶ 14} When a trial court imposes consecutive sentences under R.C.2929.14, it must also comply with R.C. 2929.19(B)(2)(c), which requires that the court "make a finding that gives its reasons for selecting the sentences imposed." The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). Comer, supra. See, also, State v. Hudak, Cuyahoga App. No. 82108, 2003-Ohio-3805, citing,State v. Brice (Mar. 29, 2000), Lawrence App. No. 99 CA21. Moreover, "a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Comer, supra. These findings and reasons need not "directly correlate each finding to each reason or state a separate reason for each finding" but must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision. State v. Cottrell, Cuyahoga App. No. 81356, 2003-Ohio-5806; Comer, supra, citing, Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12.
 {¶ 15} In sentencing Barnwell, the trial court stated:
"The court further finds this was an intended sex offense and that theoffender is not amenable to an available community control sentence, thatprison is consistent with the sentencing purposes and that the court wantsto note that the court has considered the factors in Ohio Revised CodeSection 2929.13(B)(1) and has considered the seriousness and recidivismfactors in 2929.12 and further finds that the offender is not amenable toan available community controlled sanctions.
 This court further finds that community control sanctions would demeanthe seriousness of the offender's conduct and not adequately protect thepublic. This court further finds that as a first time — since the court isgoing to include a first time prison sentence, the court does believethat the minimum sentence would demean the seriousness of the offense andwould not adequately protect the public, and the court notes that it'sconcerned with young kids here and the various and many victims who wereintended.
 This court finds that the internet in and of itself with the trafficthat is available to it, with the means it has to reach so many people,that for the defendant to engage in the conduct that he has and for it tobe so widespread where we know 14 different agents and therefore we haveto conclude that there are many other people, that the defendant hascommitted the worst form of the offense.
 This court also finds that he poses the greatest likelihood ofrecidivism. Therefore, the sentence of the court on each case is$250 and cost, 12 months at the Lorain Correctional Institution.They will be consecutive."
 {¶ 16} Our review of the record reveals that the trial court failed to make any of the necessary findings to impose consecutive sentences. Although the trial court clearly found that Barnwell was not amenable to community control sanctions and that a minimum sentence would demean the seriousness of his conduct and not adequately protect the public, it failed to make the required R.C. 2929.14(E)(4) findings and state its reasons relating to consecutive sentences.
 {¶ 17} Accordingly, we sustain the second assignment of error and remand this case for resentencing.
 Maximum Sentences {¶ 18} In his third assignment of error, Barnwell contends that the trial court erred in imposing maximum sentences without sufficiently stating its reasons for doing so. We agree.
 {¶ 19} Pursuant to R.C. 2929.14(C), "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." R.C.2929.19(B)(2)(d) further requires that the trial court "make a finding that gives its reasons for selecting the sentence imposed[.]" State v.Edmonson, 86 Ohio St.3d 324, 328, 1999-Ohio-110.
 {¶ 20} In the instant case, the trial court imposed the maximum sentence after finding that Barnwell "committed the worst form of the offense." Although the trial court stated its reason for this finding, its rationale related to only one of the underlying offenses. The trial court stated:
"This court finds that the internet in and of itself with the trafficthat is available to it, with the means it had to reach so many people,that for the defendant to engage in the conduct that he had and for it tobe so widespread where we know 14 different agents and therefore we haveto conclude that there are many other people, that the defendant hascommitted the worst form of the offense."
 {¶ 21} Although we recognize that Barnwell's frequent, sexually charged discussions with young boys via the Internet is relevant to the importuning charge, the court gave no reasons to support a "worst-form" finding for possession of criminal tools. In determining whether he committed the worst form of each offense, the trial court was required to focus on the actual offenses. See R.C. 2929.12(B).
 {¶ 22} Similarly, although the trial court found that Barnwell "poses the greatest likelihood of recidivism," it failed to state its reasons for such a finding. See R.C. 2929.19(B)(2)(d).
 {¶ 23} Accordingly, we sustain the third assignment of error, which also requires remand for resentencing.
 Sexual Predator Classification {¶ 24} In his fourth assignment of error, Barnwell claims that the trial court erred in classifying him as a sexual predator because the State presented insufficient evidence that he is likely to commit a sexually oriented offense in the future. We disagree.
 {¶ 25} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, before classifying an offender as a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(4).
 {¶ 26} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger,91 Ohio St.3d 158, 164, 2001-Ohio-247, quoting Cross v. Ledford (1954),161 Ohio St. 469, 477.
 {¶ 27} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 28} Pursuant to R.C. 2950.09(B)(3), in determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender completed any sentence imposed for any conviction, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct. R.C.2950.09(B)(3)(a) through (j).
 {¶ 29} The trial court must discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v. Thompson (2001),92 Ohio St.3d 584, 588, citing Eppinger, supra, at 166. However, R.C.2950.09(B) does not require that each factor be met. It simply requires the trial court consider those factors that are relevant. State v.Grimes (2001), 143 Ohio App.3d 86, 89.
 {¶ 30} Further, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge." Schiebel, supra, citing Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 31} At the classification hearing in the instant case, FBI Agent Brian Vigneaux testified that, since March 2000, Barnwell had engaged in sexually charged chat room discussions over the Internet with several FBI agents posing as young boys, ranging from 11 to 14 years of age. Barnwell expressed his sexual intentions and desire to rendezvous with the boys. In some instances, he arranged to meet the boys but he never appeared at the meeting location. Agent Vigneaux testified that Barnwell was extremely cautious while engaging in the on-line chats and had expressed his concern regarding undercover police posing as young boys. Therefore, Barnwell often requested that the boys call him in order to verify the boys' ages by their voices.
 {¶ 32} The State further offered Barnwell's written statement to the FBI, corroborating Agent Vigneaux's testimony. In his statement, Barnwell confessed that, over the past few years, he had communicated via Internet instant messaging with approximately ten underage boys about engaging in sexual acts with them. He further confessed that he scheduled meetings with the boys but claimed that he never appeared.
 {¶ 33} Although these other instances of Barnwell's on-line chats with young boys never amounted to any convictions, we agree with the trial court that this evidence is probative of Barnwell's likelihood of reoffending. The frequency of Barnwell's on-line sexually charged chats with those whom he believed to be young boys, demonstrated both his opportunity and desire to engage in sexually-oriented offenses. Further, the evidence of Barnwell's scheme of trying to confirm the boys' voices in order to avoid detection from undercover police suggests that he may have met other boys without being apprehended. Thus, we find that this evidence falls within the ambit of R.C. 2950.09(B)(3)(j).
 {¶ 34} The State also presented a sexual predator evaluation completed by Michael Caso, chief psychiatric social worker at the Court Psychiatric Clinic. Caso's report indicated that he had interviewed Barnwell and given him the Static-99, an actuarial instrument designed to estimate the probability of sexual recidivism among adult males convicted of at least one sexual offense. Barnwell scored in the moderate-to-high risk category of reoffending, which equated to an actuarially-determined recidivism rate of 26% in five years, 31% in ten years and 36% in fifteen years. According to the report, Barnwell presented three risk factors which significantly correlated with sexual offense recidivism: 1) he was not related to the victim; 2) he had not lived with another person in an intimate relationship for at least two years; and 3) he had other convictions, i.e., theft and driving under the influence.
 {¶ 35} Barnwell contends that the trial court ignored the results of the Static-99. He argues that his score does not rise to the level of "clear and convincing" evidence of recidivism. We find no merit to this contention. Indeed, Barnwell's score was within the moderate-to-high risk category of reoffending. Further, the trial court relied on his score in conjunction with the other evidence presented. Thus, this was only one of numerous factors considered by the trial court.
 {¶ 36} In addition to the Static-99 score, the trial court noted that the age of the intended victim was 14 years old, and that Barnwell was 36 years old. See R.C. 2950.09(B)(3)(a) and (c). Thus, the disparity between Barnwell's age and the vulnerability of the intended victim weighed in favor of finding Barnwell to be a sexual predator. Additionally, the trial court relied on the evidence of Barnwell's mental illness relating to depression, as indicated in Caso's report. See R.C. 2950.09(B)(3)(g). Moreover, the court found Barnwell's prior convictions met the criterion in R.C. 2950.09(B)(3)(b).
 {¶ 37} In light of this evidence, we find that the trial court's classification of Barnwell as a sexual predator is supported by clear and convincing evidence. Accordingly, the final assignment of error is overruled.
 {¶ 38} The sexual predator classification is affirmed.
 {¶ 39} Sentence is vacated and case is remanded for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Rocco, J. Concur.