JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, William Spitzig, appeals the trial court's designation of him as a sexual predator. Defendant pled no contest to six counts of importuning in violation of R.C.2907.07; the illegal use of minor in nudity-oriented material and/or performance in violation of R.C. 2907.323; and possessing criminal tools in violation of R.C. 2923.24.
 {¶ 2} Defendant had gone to a chat room for young girls and established an online relationship with a person he believed to be a twelve-year-old girl. He also began an online relationship with another person he believed to be a twelve-year-old. Both of these purported twelve-year-olds were actually undercover detectives posing as young girls. In his online conversations with these "girls," defendant initiated and continued to engage in discussions of a sexual nature: they contained sexually explicit discussions of sex acts he wished to perform with the "girls." Although defendant set up a meeting at a shopping mall with one of the "girls," when the undercover police went there, defendant did not show up. The police obtained a search warrant for defendant's home and seized his computer, on which they found a picture of a minor posing nude.
 {¶ 3} The court accepted defendant's no contest plea and ordered probation and psychiatric clinic reports in preparation for his sexual predator hearing. The court ruled that defendant was a sexual predator, a ruling he timely appealed, stating one assignment of error:
I. THE COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR.
 {¶ 4} Defendant argues that the state did not produce clear and convincing evidence to support the trial court's finding that he was a sexual predator. R.C. 2950.09(E) defines a sexual predator as a person who has pleaded guilty to or been convicted of committing a sexually oriented offense and is also likely to commit one or more sexually oriented offenses in the future.
 {¶ 5} In determining whether an offender is a sexual predator, the appellate court reviews the evidence under the clear and convincing standard. R.C. 2950.09(B)(4). "`[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.'" State v. Eppinger (2001), 91 Ohio St.3d 158 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 6} "This court has repeatedly held that, standing alone, a conviction for a sexually oriented offense is insufficient to support a sexual predator determination." State v. DeLyle (Nov. 1, 2001), Cuyahoga App. No. 79169, 2001 Ohio App. LEXIS 4894, fn. 1, citing State v. Winchester (2001),145 Ohio App.3d 92.[1] The court must consider the statutory factors in making its determination. The court does not, however, have to find each factor in order to determine that an offender is a sexual predator. Id. at *9. The judge must only consider each factor and decide whether the evidence in support of a finding as a sexual predator is clear and convincing. State v. Barnwell,
Cuyahoga App. No. 85243, 2005-Ohio-3027, ¶ 27.
 {¶ 7} The factors the court must consider are found in R.C.2950.09(B)(3):
(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's * * * age;
(b) The offender's * * * prior criminal * * * record
regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involvedmultiple victims;
(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender * * *;
(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
R.C. 2950.09(B)(3), emphasis added.
 {¶ 8} "[T]he offender * * * and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender * * * is a sexual predator." R.C. 2950.09(B)(2). We note, however, that defendant did not provide any evidence to contradict the evidence that the state provided. Although defendant claims that the first factor, his age of 25, makes him less likely to reoffend, he failed to provide any supporting evidence for his assertion that a younger man would be less likely to reoffend than an older man. Moreover, he was more than twice the age of his "victims."
 {¶ 9} As additional reasons he is not a sexual predator, defendant points to the lack of multiple victims and lack of any pattern of abuse. Contrary to his claims, however, the court noted and the record reflects at least two intended "victims," the two detectives who posed as twelve-year-old girls. He also claims that his limited prior criminal history of only one nonsexual misdemeanor conviction for domestic violence shows that he is less likely to reoffend. The court considered this conviction in its ruling. Further, these multiple victims, along with an arrest in another county for the same offense, do show a pattern of abuse in importuning minors.
 {¶ 10} Defendant also points to a lack of physical contact and lack of cruelty. The absence of these two factors, however, are not relevant because this was a cybercrime. The court did note, moreover, the very graphic nature of the sexual messages.
 {¶ 11} The trial court explained that defendant presented a high risk of reoffending because the Court Psychiatric Clinic found defendant to be lying, either to himself or to the examiner concerning his actual knowledge of the ages of the "victims." The court held that defendant was "somebody who hasn't really come to terms with it yet or just doesn't want to get caught and I can't speculate as to which, but either is not a good thing in terms of recidivism." Tr. 36.
 {¶ 12} Next the court noted that, given defendant's inability to form an adult sexual relationship, the Psychiatric Clinic's report noted that "it is unlikely that medication would remedy [defendant's] deficits in normal adult social skills, and certainly that also indicates that perhaps he is incapable of an adult sexual relationship. So he again has a proclivity toward children." Tr. 38. Furthermore, attendance at a sex offender program was not applicable in this case. The court also noted defendant's score on the STATIC-99, which showed a medium to high risk of reoffending.
 {¶ 13} The court carefully considered all the factors found in R.C. 2950.09(B)(3) and found that defendant was a risk for reoffending. We cannot say that the trial court erred. Defendant engaged in sexual online conversations with two persons he believed to be twelve-year-old girls. He arranged a meeting with one of them, but, according to the psychiatric report, he sent her an e-mail cancelling the meeting because he had to work. This failure to keep the appointment does not, despite his claims to the contrary, factor against the likelihood of defendant's reoffending.
 {¶ 14} Further, the record shows that defendant was not able to form adult relationships and that he "trolled" chat rooms to find young girls to proposition and "talk dirty" with. He also was not honest about his attraction to prepubescent girls, as was demonstrated by the psychiatric report.
 {¶ 15} The evidence clearly and convincingly supports a finding that defendant is a sexual predator.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., concur.
[1] See, also, State v. Eppinger (2001), 91 Ohio St.3d 158,162 ("[A] person who has been convicted of or who has pled guilty to committing one sexually oriented offense is not necessarily likely to engage in the future in one or more sexually oriented offenses. One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses * * *. Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior. Therefore, the appointment of an expert may be warranted to aid the trial court in determining the likelihood of recidivism."); State v. Chacon, Cuyahoga App. No. 79950, 2002-Ohio-2147, ¶ 26.